IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 08 C 49 Judge Kendall |
| v. | ) ) | Magistrate Judge Mason |
| ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS, and DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff Christopher Woods respectfully requests that this Court enter an order determining that this action, brought under the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactions Act of 2003, may be certified as a class action.

Plaintiff defines the class as "all persons to whom Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers, provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring at its Yorktown Center location after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both."

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.      One provision of the December 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of**

1

> **business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

2. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, SA CV 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal., Apr. 5, 2007); *Iosello v. Leiblys, Inc.*, 07 C 2454, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill., Aug. 22, 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007).

3. Plaintiff alleges that on November 23, 2007, plaintiff received from Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers ("Rogers & Hollands"), at its establishment located at 222 Yorktown Center, Lombard, IL 60148, a computer-generated cash register receipt which displayed the expiration date of plaintiff's bank credit card and eight digits of plaintiff's store credit card.

4. Section 1681c(g) is an essential protection against identity theft, which according to the Federal Trade Commission victimized some 9 million persons and caused over $57 billion in harm in 2006 alone. "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007 (Exhibit A). One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the information on them to engage in fraudulent transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1 (Exhibit B).

5. To curb identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the

expiration date or more than the last five digits of the card number. The law gave merchants who accept credit and debit cards up to three years to comply. Full compliance was required by December 4, 2006.

6. The need to "truncate" receipts was widely publicized among retailers. For example, the CEO of Visa USA, Carl Pascarella, explained on March 6, 2003 that, "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.... The first phase of this new policy goes into effect July 1, 2003 for all new terminals...." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, Mar. 6, 2003 (Exhibit C).

7. Most of defendant's business peers and competitors readily brought their receipt printing process into compliance. Defendant could have done the same. It did not.

8. A private remedy is provided by FCRA §1681n, which provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000....**

### CLASS CERTIFICATION REQUIREMENTS

9. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

10. It is reasonable to infer that the number of class members exceeds the 20-40 necessary to satisfy the numerosity requirement, in that:

      a.      Rogers & Hollands is located in Yorktown Center, a shopping center with more than 150 stores and restaurants and a nearby 500-room hotel (<u>Exhibits D</u> and <u>Exhibit E</u>);

      b.      Rogers & Hollands sells a variety of jewelry items such as rings, bracelets, necklaces, and earrings for men and women (<u>Exhibit F</u>);

      c.      Rogers & Hollands sells products priced from several hundred to several thousand dollars (<u>Id.</u>);

      d.      Rogers & Hollands invites its customers to pay by credit card;

      e.      Rogers & Hollands provided to plaintiff a receipt which did not comply with FACTA more than 11 months after the effective date of the provision at issue;

      f.      Given the presumptively high rate of credit card transactions and the length of the class period, plaintiff suggests that the class is no smaller than 100 individuals.

11.    Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

12.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The predominant common questions include the following:

      a.      Whether Rogers & Hollands had a practice of providing customers with a sales or transaction receipt on which Rogers & Hollands printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

      b.      Whether Rogers & Hollands thereby violated FACTA; and

      c.      Whether Rogers & Hollands' conduct was willful.

13.    Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

14.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and FCRA claims. (<u>Exhibit G</u>).

15. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

       a. Consumers are unlikely to recognize the violation; and

       b. Individual actions are uneconomical.

16. In further support of this motion, plaintiff submits the accompanying memorandum of law.

17. Plaintiff is filing this Preliminary Motion for class certification because of the decision in *White v. Humana Health Plan, Inc.*, 06 C 5546, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

       Respectfully submitted,

       s/ Daniel A. Edelman
       Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## LIST OF EXHIBITS

A     "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007.

B     Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1.

C     "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, Mar. 6, 2003.

D     Yorktown Center: The Shops on Butterfield map, accessible at http://www.yorktowncenter.com/YorktownCenterDirectoryMap.pdf.

E     "About Yorktown" web page, accessible at http://www.yorktowncenter.com/about.aspx.

F     Rogers & Hollands jewelry items, accessible at http://www.rogersandhollands.com/jewelry/.

G     Declaration of Daniel A. Edelman.

H     *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004).

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on January 8, 2008, a copy of the foregoing PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION was filed electronically, and was sent for personal service via process server on the following:

ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS
c/o Alan Kadet, Registered Agent
20821 S. Cicero Ave.
Matteson, IL 60443

                                                                  s/ Daniel A. Edelman
                                                                  Daniel A. Edelman