**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class,<br><br>        Plaintiff,<br><br>    v.<br><br>ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS and DOES 1-10,<br><br>        Defendants. | Case No.  08 C 49<br><br>Judge Kendall<br>Magistrate Judge Mason |

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL INFORMATION**

Plaintiff, Christopher Woods ("Plaintiff") and Defendant, Rogers Enterprises, Inc. d/b/a Rogers & Hollands Jewelers ("Rogers" and/or "Defendant") (collectively the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information is likely to be disclosed or produced during this litigation and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

    1.    **PURPOSES AND LIMITATIONS**

    (a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation, and shall not be used directly or indirectly

for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

(b) The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b) "Party" means any party to this action.

(c) "Producing Party" means any party or other third-party entity who discloses or produces Discovery Material in this action.

(d) "Protected Material" means any Discovery Material that is designated as "Confidential" as provided for in this Order.

(e) "Receiving Party" means any party who receives Discovery Material from a Producing Party.

2

3. **<u>COMPUTATION OF TIME</u>**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e).

4. **<u>SCOPE</u>**

(a) The protections conferred by this Order cover not only Discovery Material governed by the Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery and Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery and Protected Material to an individual who prepared the Discovery Material.

(c) Nothing in this Order shall be construed to prejudice any party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or Order of the Court.

(d) This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain materials not be produced at all.

5. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to Order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) Available Designations. Any Producing Party may designate Discovery Material with the designation "Confidential," provided that it meets the requirements for such designations as provided for herein.

(b)     <u>Written Discovery and Documents and Other Tangible Things.</u>  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  In the event that original documents are produced for inspection, the Producing Party may produce the documents with a temporary designation, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents in the copying process.

(c)     <u>Depositions and Testimony.</u>  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  Pending expiration of this thirty (30) day period, all otherwise undesignated transcript pages and documents attached thereto shall be treated as Confidential and may be used only in accordance with such designation under this Protective Order. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on the cover.  For convenience, if a deposition transcript contains repeated references to Confidential Information which cannot be conveniently segregated from non-confidential information, any party may request that the entire transcript be designated "Confidential".

(d)     <u>Non-Party Discovery Material.</u>  A party may designate as "Confidential" Discovery Material produced by a non-party by providing written notice to all parties of the relevant documents numbers or other identification within thirty (30) days after receiving

5

such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document will lose its confidential status if it is made public.

(e) The failure of counsel to designate Discovery Material as "Confidential" shall not be deemed a waiver of confidentiality. The Producing Party shall make the designation as soon as practicable after the realization of the failure to designate.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) <u>Confidential Designation.</u> A Producing Party may designate Discovery Material as "Confidential" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information. The specific categories of Discovery Material that may be designated "Confidential" include confidential third-party agreements and proprietary sales, financial, marketing, and customer account information.

(b) <u>Disclosure of Protected Material.</u> Discovery Material designated as "Confidential" that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any party who obtains any Protected Material from any other party shall protect it and its contents from disclosure to anyone except the persons designated in this paragraph. Subject to paragraphs(c)-(e) below, counsel of record may disclose Protected Material where necessary to the proper preparation for and trial of this case to:

  (i) their employees and employee equivalents (e.g., contract paralegals);

  (ii) any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a)

such person has signed the acknowledgement form annexed hereto as Exhibit A-2 agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraph (d) below;

(iii) witnesses and deponents testifying under oath, where examining counsel has a good faith basis for believing that the witness or deponent has information or testimony pertinent to the Protected Material;

(iv) the named parties to this litigation; and

(v) this Court and members of its staff.

(c) <u>Disclosure to Witnesses.</u> Before any Protected Material, or substance or summary thereof, shall be disclosed to witnesses for the parties, the parties are hereby ordered to tender a copy of this Protective Order to each such witness in order that each such entity or person to whom such disclosure of Protected Material is made shall be on notice and fully informed that the existence and substance of this Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the parties and their counsel. In addition, before any Protected Material, or substance or summary thereof, shall be disclosed to a witness, that person shall sign and abide by the terms of the declaration attached as Ex. A-1. The witness shall not give, show or otherwise divulge any of the Protected Material to any entity or person except as specifically provided for by this Protective Order.

(d) <u>Disclosure to Experts and Consultants.</u> Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a party or of a

7

competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party.

> (i) Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Expert/Consultant Declaration Regarding Confidentiality" (Exhibit A-2 hereto).

(e) <u>Disclosure to Deponents.</u>  Subject to paragraph 8(b)(iii) above, counsel may show Protected Material to a witness at a deposition and examine that witness concerning the same. Examining counsel may, in the course of the deposition inquire as to whether the witness agrees to be bound by the terms of this Protective Order.  If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the Protected Material including, but not limited to, a copy of any pages of the transcript of the deposition that are designated "Confidential."  In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed.  If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

9. **CHALLENGING DESIGNATION OF PROTECTED MATERIAL**

(a) A party is not obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made. A failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order must be in writing, served on counsel for the Producing Party, and specifically identify the documents or information that the Receiving Party contends should not be designated and the grounds for that objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    (i) The objecting party shall bear the burden of conferring in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall bear the burden of justifying the disputed designation;

    (ii) Failing agreement, the objecting party may bring in a motion to the Court for a ruling that the Discovery Material in question is improperly designated. The parties' entry into this Order shall not preclude or prejudice any party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

9

      (iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws the contested designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

10.    **<u>SUBPOENAS OR COURT ORDERS</u>**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party and its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of Protected Material.

11.    **<u>FILING PROTECTED MATERIAL</u>**

(a)    Protected Material shall not be filed with the clerk of the Court except when required by Court rule or in connection with motions or applications submitted to the Court. A party seeking to file any Protected Material (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations) must move the Court for an order sealing the documents. The Protected Material is not to be filed with the motion for leave to file under seal, but shall be submitted to chambers in camera for the Court's review. Any document which the Court orders shall be filed under seal, shall be filed pursuant to Judge Virginia Kendall's Case Management Procedures on "Sealed Documents."

(b)     If this case is ever transferred to another Judge, the parties will comply with the procedure set forth in Local Rule 5.8 for filing restricted documents as defined by Local Rule 26.2.

(c)     Nothing contained herein shall prevent any party from using Protected Material in connection with any trial, hearing, or other public proceeding in this matter, provided the party seeking to use the Protected Material affords counsel for the Producing Party at least seven (7) business days advance notice.  The Producing Party shall then have an opportunity to challenge the use of the Protected Material in a public proceeding by promptly filing a motion with the Court.  Once the Producing Party has filed such a motion, the party seeking to use the Protected Material shall be prohibited from using such Protected Material in a public proceeding without an order of the Court or the written consent of counsel for the producing party.

12.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     A Producing Party's inadvertent production of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite that party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege or protection.  The Producing Party shall request the return of such inadvertently produced Discovery Material as soon as practicable after learning of the inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged or protected, each Receiving Party shall immediately return such Discovery Material and all copies to the Producing Party.

13. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) If Protected Material is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for such disclosure (including, without limitation, all employees, officers, directors, agents and attorneys of each party to this lawsuit), shall immediately notify counsel for the Producing Party of all information concerning the nature and circumstances of the unauthorized disclosure. Without prejudice to other rights and remedies of the Producing Party, the disclosing party shall promptly take all reasonable measures to retrieve and return the improperly disclosed Protected Material and to ensure that no further unauthorized or use is made of the material.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the Producing Party's right to claim that the disclosed document or information constituted Protected Material.

14. **FINAL DISPOSITION**

(a) Within forty-five (45) days after termination of this litigation, including any appeals therefrom, the originals and all copies of Protected Material not admitted into evidence shall be returned to the Producing Party and the Receiving Party shall certify in writing that all such materials have been returned. With respect to any Protected Material that was admitted into evidence, such material may be retained by the party to whom it was produced so long as the information remains marked and treated as confidential. At the expiration of seven (7) years, all such material shall be destroyed.

(b) Within forty-five (45) days after termination of this litigation, including any appeals therefrom, all parties that have received any Protected Material shall return all

Protected Material to counsel for the Producing Party and shall certify in writing that all such materials have been returned.

(c) The Court shall retain jurisdiction after termination of this litigation to hear and resolve any disputes arising out of this Protective Order.

15. **MISCELLANEOUS**

(a) <u>Right to Assert Other Objections.</u>  Producing or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

  i. Prejudice the rights of either party to object to the production of documents it considers not subject to discovery;

  ii. Prejudice the rights of either party to object to authenticity or admissibility of any document, testimony or evidence subject to this Protective Order;

  iii. Prejudice the right of either party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Protective Order;

  iv. Prejudice the rights of either party to apply to this Court for a further protective order relating to any Discovery Material; or

  v. Prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material and to seek Court approval for such modification, if necessary.

(b) <u>Successors.</u> This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

16. This Stipulation shall, subject to Court approval, be binding upon the parties upon their signature hereto and by signing hereto each party agrees to comply with the terms of this Stipulation and to be bound thereby. In the event that the Court does not enter into the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms which the Court finds objectionable.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: July 9, 2008 | Respectfully submitted, |
| CHRISTOPHER WOODS, | ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS |
| By:/s/Cassandra P. Miller<br>One of his Attorneys<br>Daniel A. Edelman<br>Cathleen M. Combs<br>James O. Latturner<br>Cassandra P. Miller<br>Edelman, Combs, Latturner & Goodwin, LLC<br>120 S. LaSalle Street, 18th Floor<br>Chicago, Illinois 60603<br>(312) 739-4200 | By:/s/ Jennifer Zlotow<br>One of its Attorneys<br>Patrick T. Stanton (#6216899)<br>Heather L. Kramer (#6272559)<br>Jennifer M. Zlotow (#6280106)<br>Schwartz Cooper Chartered<br>180 North La Salle, Suite 2700<br>Chicago, IL  60601<br>(312) 346-1300 |

IT IS SO ORDERED.

Dated: _____, 2008

_____
Judge Virginia Kendall
United States District Court

490245.1 054558-41344

EXHIBIT A-1

**<u>GENERAL DECLARATION REGARDING CONFIDENTIALITY</u>**

    I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Woods v. Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers*, United States District Court, Northern District of Illinois, No. 08 C 49. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

    Dated: _____

_____
[Signature]

490245.1 054558-41344

EXHIBIT A-2

**EXPERT/CONSULTANT DECLARATION REGARDING**

**CONFIDENTIALITY**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Woods v. Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers*, United States District Court, Northern District of Illinois, No. 08 C 49. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]