**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER WOODS, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 49 |
| | ) | Judge Kendall |
| v. | ) | Magistrate Judge Mason |
| | ) | |
| ROGERS ENTERPRISES, INC., | ) | |
| d/b/a ROGERS & HOLLANDS | ) | |
| JEWELERS, | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiff Christopher Woods respectfully requests that this Court enter an order determining that this action, brought under the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactions Act of 2003, may be certified as a class action.

Plaintiff defines the class as "all persons to whom Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers, provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring at its Yorktown Center location after December 4, 2006, which receipt displays more than the last five digits of the person's credit card or debit card number."

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.　　One provision of the December 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of**

1

**business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

2.      On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007 went into effect.  The Act amends section 1681 of the FCRA, which provides a private right of action against "[a]ny person who willfully fails to comply with any [of its] requirement[s]."  *See* 15 U.S.C. § 1681n(a).  The Act excludes as a willful violator "any person who printed an expiration date on any receipt provided to a consumer cardholder ... between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt."  15 U.S.C. §1681n(d).  The Act further states that it "shall apply to any action ... that is brought for violation of [§1681c(g) of the FCRA] ... without regard to whether such action is brought before or after the date of the enactment of this Act."

3.      Section 1681c(g) is "not ambiguous."  It "expressly prohibits printing more than the last five digits of the credit/debit card numbers ...."  *Pirian v. In-N-Out Burgers*, SA CV 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal., Apr. 5, 2007); *Iosello v. Leiblys, Inc.*, 07 C 2454, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill., Aug. 22, 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007).

4.      Plaintiff alleges that on November 23, 2007, plaintiff received from Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers ("Rogers & Hollands"), at its establishment located at 222 Yorktown Center, Lombard, IL 60148, a computer-generated cash register receipt which displayed eight digits of plaintiff's store credit card.

5.      Section 1681c(g) is an essential protection against identity theft, which according to the Federal Trade Commission victimized some 9 million persons and caused over $57 billion in harm in 2006 alone.  "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007 (Exhibit A).  One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the

information on them to engage in fraudulent transactions.  Identity thieves who do this are

known as "carders" and "dumpster divers."  This is more common than the use of sophisticated

electronic means to obtain the information.  Robin Sidel, "Identity Theft – Unplugged – Despite

the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street

Journal*, Oct. 8, 2005, p. B1 (Exhibit B).

      6.     To curb identity theft, Congress prohibited merchants who accept credit

cards and debit cards from issuing electronically-generated receipts that display more than the

last five digits of the card number.  The law gave merchants who accept credit and debit cards up

to three years to comply.  Full compliance was required by December 4, 2006.

      7.     The need to "truncate" receipts was widely publicized among retailers.

For example, the CEO of Visa USA, Carl Pascarella, explained on March 6, 2003 that, "[t]oday,

I am proud to announce an additional measure to combat identity theft and protect consumers.

Our new receipt truncation policy will soon limit cardholder information on receipts to the last

four digits of their accounts.  The card's expiration date will be eliminated from receipts

altogether....  The first phase of this new policy goes into effect July 1, 2003 for all new

terminals...."  "Visa USA Announces Account Truncation Initiative to Protect Consumers from

ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne

Feinstein," PR Newswire, Mar. 6, 2003 (Exhibit C).

      8.     Most of defendant's business peers and competitors readily brought their

receipt printing process into compliance.  Defendant could have done the same.  It did not.

      9.     A private remedy is provided by FCRA §1681n, which provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any
requirement imposed under this title [15 USC §§1681 et seq.] with respect to
any consumer is liable to that consumer in an amount equal to the sum of–**

    **(1)**

        **(A) any actual damages sustained by the consumer as a result**

**of the failure or damages of not less than $100 and not more than $1,000....**

## CLASS CERTIFICATION REQUIREMENTS

10.    All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

11.    Defendant has indicated that there are approximately 777 persons who received at the point of sale at its 222 Yorktown Center retail site after December 4, 2006, an electronic receipt containing more than the last five digits of the person's credit/debit card number.  (Exhibit D, *See* Interrogatory No. 10).

12.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The predominant common questions include the following:

a.    Whether Rogers & Hollands had a practice of providing customers with a sales or transaction receipt on which Rogers & Hollands printed more than the last five digits of the credit card;

b.    Whether Rogers & Hollands thereby violated FACTA; and

c.    Whether Rogers & Hollands' conduct was willful.

13.    Plaintiff's claims are typical of those of the class members.  All are based on the same factual and legal theories.

14.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in bringing class actions and FCRA claims.  (Exhibit E).

15.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a.    Consumers are unlikely to recognize the violation; and

b.    Individual actions are uneconomical.

16.    In further support of this motion, plaintiff submits the accompanying

4

memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order

determining that this action may proceed as a class action.

Respectfully submitted,

s/ Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## LIST OF EXHIBITS

A    "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007.

B    Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1.

C    "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, Mar. 6, 2003.

D    Defendant's Supplemental Response to Plaintiff's Interrogatories and Requests for Production of Documents.

E    Declaration of Daniel A. Edelman.

F    *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*,  03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004).

## <u>CERTIFICATE OF SERVICE</u>

I, Cassandra P. Miller, hereby certify that on July 14, 2008, a copy of the foregoing PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION was filed electronically using the Court's CM/ECF system, which will notify the following:

Patrick T. Stanton (pstanton@dykema.com)
DYKEMA GOSSETT, PLLC
180 North LaSalle Street, Suite 2700
Chicago, IL 60601
(312) 627-4600
(312) 627-4601 (FAX)

Heather L. Kramer (hkramer@scgk.com)
Jennifer M. Zlotow (jzlotow@schwartzcooper.com)
Schwartz Cooper, Chtd.
180 North LaSalle Street, Suite 2700
Chicago, IL 60601
(312) 845-5401
312-264-2477 (FAX)

s/ Cassandra P. Miller<br>Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)