# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS and DOES 1-10,<br><br>Defendants. | Case No. 08 C 49<br><br>Judge Kendall<br>Magistrate Judge Mason |

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers ("Rogers") supplements its responses to Plaintiff, Christopher Woods ("Plaintiff"), Interrogatories and Requests for Production of Documents as follows in light of a Rule 37 conference held by the parties on May 23, 2008 and the passage of H. R. 4008 by the Congress of the United States on May 20, 2008, and the President of the United States on June 3, 2008. For purposes of space, Defendants only repeat those requests and interrogatories to which it has a supplemental response.

### GENERAL OBJECTIONS AND RESERVATIONS

1.  Rogers reserves its right to supplement or amend any of these responses to Plaintiff's Interrogatories and Requests for Production whenever new or additional information becomes known to it as permitted by Federal Rule of Civil Procedure 26.

2.  All responses and any production of documents made in response to these Interrogatories and Requests for Production are made without waiving and with the intent to preserve: (a) the right to object on the grounds of competency, privilege, relevancy, materiality

484978.3 054558-41344

or admissibility as evidence for any purpose, to the use of the documents in any subsequent proceeding, or in the trial of this or any other action; (b) the right to object on any and all proper grounds, at any time, to other interrogatories or document requests, or other discovery proceedings involving or relating to the subject matter of these Interrogatories and Requests for Production; and (c) the right to supplement these responses.

3.  Rogers objects to the Interrogatories and Requests for Production to the extent they call for the disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, law or rule. The inadvertent production or disclosure of any privileged or work product document shall not be deemed a waiver of any claim of privilege or work product as to such document.

4.  Rogers objects to all definitions, instructions, and document requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

5.  These General Objections and Reservations are re-asserted and made a part of each response below.

## I. SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** State the name, address, title and job description of each officer, director, employee, consultant or independent contractor (present or former) of defendant who:

    d.    Was responsible for defendant's relationship with any company which processes credit or debit card transactions for defendant.

**SUPPLEMENTAL ANSWER:**

    (d)    Objections: Overbroad as to time frame and subject matter; vague, ambiguous and overbroad as to the terms "responsible," "relationship," and "processes." Subject to and without waiving its general and specific objections to Interrogatory 1(d), Rogers identifies:

- 2 -

- Joe Hartl, Vice President/Chief Operating Officer of Rogers (may be contacted through counsel).

- Robert Garlanger, Controller of Rogers (may be contacted through counsel). His knowledge is limited to third-party credit card transactions.

- Tina Rodrigue, Credit Manager of Rogers (may be contacted through counsel). Her knowledge is limited to the Rogers' in-house credit cards.

Further answering, Rogers states that its investigation continues, and it reserves the right to supplement its answers to Interrogatory No. 1.

**Interrogatory No. 4:** State whether your computer can determine the names and addresses of the persons to whom Rogers provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

<u>**SUPPLEMENTAL ANSWER:**</u> Objections: Vague and ambiguous as to the terms "computer," "determine," "point of sale," and as to the location defined as "Illinois." To the extent that the interrogatory is directed at sites beyond 222 Yorktown Center, Lombard, IL, 60148, the retail store that is the subject of this action, the interrogatory is overbroad, and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Rogers objects to this interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the display of an expiration date on a receipt, which is no longer a basis to establish a willful violation of FACTA in light of the passage of H. R. 4008.

484978.3 054558-41344

>Subject to and without waiving its general and specific objections to Interrogatory No. 4, Rogers states that if the customer provided his/her name and address at the time of sale, Rogers through its computer system can establish the names and addresses of the customers who transacted business at 222 Yorktown Center with Rogers by using a credit or debit card after December 4, 2006, and would have been provided an electronically printed receipt displaying more than the last five digits of the person's credit card number.

**Interrogatory No. 6**: State the number and name and address of the persons to whom Rogers provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

>**SUPPLEMENTAL ANSWER**: Objections: Vague and ambiguous as to the term "point of sale" and as to the location defined as "Illinois." To the extent that the interrogatory is directed at sites beyond 222 Yorktown Center, Lombard, IL, 60148, the retail store that is the subject of this action, the interrogatory is overbroad, and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Rogers objects to this interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the display of an expiration date on a receipt, which is no longer a basis to establish a willful violation of FACTA in light of the passage of H. R. 4008. Finally, the names and addresses of customers who received credit or debit card receipts from December 4, 2006, to present is overbroad and not relevant or reasonably calculated to lead to the discovery of admissible evidence given that no class has been certified.

Subject to and without waiving its general and specific objections to Interrogatory No. 6, Rogers states that there were approximately 777 persons who would have received at the point of sale at the 222 Yorktown Center retail site after December 4, 2006, an electronic receipt containing more than the last five digits of the person's credit/debit card number. **(See Exhibit A (R&H 00001 to R&H 00020))** Further answering, Rogers states that after December 4, 2006, through January 27, 2008, at the Yorktown Center retail site, receipts for third-party credit/debit card transactions (*i.e.*, Visa, MasterCard, American Express, Discover) displayed both the last four digits of the person's credit/debit card number and the expiration date; whereas receipts for Rogers' in-house credit cards displayed more than the last five digits of the person's credit card number, but did not display an expiration date on the receipt. After January 27, 2008, no receipts showed either (a) more than the last five digits of the person's card number; (b) expiration date; or (c) both.

**Interrogatory No. 11**: State the 10 largest issuers of (a) credit cards and (b) debit cards presented to you in connection with transactions.

**SUPPLEMENTAL ANSWER**: Objections: Overbroad and unduly burdensome as to time frame; vague and ambiguous as to the terms "issuers" and "presented." Further objecting, this interrogatory is overbroad as to subject matter and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to counsels' Rule 37 conference on May 23, 2008, Plaintiff has agreed to limit this interrogatory to the identities of the credit and debit card issuers that Rogers accepts at its retail store at 222 Yorktown Center in Lombard,

- 5 -

Illinois. Pursuant to this limitation, Rogers states that it accepts the following third-party credit/debit cards at 222 Yorktown Center in Lombard, Illinois: American Express, Discover (Novus), Visa, and MasterCard. Further answering, Rogers also accepts its own in-house credit cards at 222 Yorktown Center in Lombard, Illinois, which are known as "Rogers & Hollands" and "Ashcroft & Oak" credit cards.

## II. SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

10. All documents which refer to identity theft or measures for the prevention of identity theft.

**SUPPLEMENTAL RESPONSE**: Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the terms "identity theft," "measures" and "prevention." Further objecting, the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Rogers will produce any non-privileged documents relating to identity theft from December 2005 to the present as agreed to by the parties at a Rule 37 conference on May 23, 2008.

11. All documents which contain information about the number or identity of persons to whom Rogers provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

**SUPPLEMENTAL RESPONSE**: Objections: Vague and ambiguous as to the terms "information," "point of sale," and as to the location defined as "Illinois." To the extent that the request is directed at sites beyond 222 Yorktown Center, Lombard, IL, 60148, the retail store that is the subject of this action, the

- 6 -

interrogatory is overbroad, and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Rogers objects to this interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the display of an expiration date on a receipt, which is no longer a basis to establish a willful violation of FACTA in light of the passage of H. R. 4008. Finally, the names and addresses of customers who received credit or debit card receipts from December 4, 2006, to present is overbroad and not relevant or reasonably calculated to lead to the discovery of admissible evidence given that no class has been certified.

Subject to and without waiving its general and specific objections to Request No. 11, Rogers will produce a spreadsheet from its computer system setting forth the number of customers who would have likely received an electronic receipt with more than five digits of the person's credit/debit card number at the point of sale at the 222 Yorktown Center retail site after December 4, 2006.  **(See Exhibit A (R&H 00001 to R&H 00020)).**

12. All correspondence and communications to or from Visa.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter. Further, Rogers' third-party credit/debit card receipts for Visa transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of

484978.3 054558-41344

expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, correspondence and communications from Visa is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

13. All correspondence and communications to or from MasterCard.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter. Further, Rogers' third-party credit/debit card receipts for MasterCard transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on the receipt. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, correspondence and communications from MasterCard are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

14. All correspondence and communications to or from the PCI Security Standards Council.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter. Further, Rogers' third-party credit/debit card receipts for third-party transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the

- 8 -

appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, correspondence and communications from PCI Security Standards, which upon information and belief is a consortium of issuers of third-party credit/debit cards, are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

15. All manuals, contracts and other documents from Visa.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "manuals." Further, Rogers' third-party credit/debit card receipts for Visa transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents from Visa are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

16. All manuals, contracts and other documents from Discover.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "manuals." Further, Rogers' third-party credit/debit card receipts for Discover transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only

484978.3 054558-41344

potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents from Discover are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

17. All manuals, contracts and other documents from American Express.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "manuals." Further, Rogers' third-party credit/debit card receipts for American Express transactions displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents from American Express are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

18. All manuals, contracts and other documents from MasterCard.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "manuals." Further, Rogers' third-party credit/debit card receipts for MasterCard transactions displayed the expiration date and less than five digits of the person's credit/debit

card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents from MasterCard are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

19. All documents from the PCI Security Standards Council.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter. Further, Rogers' third-party credit/debit card receipts displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents from PCI Security Standards Council, which upon information and belief is a consortium of third-party issuers of credit/debit cards, are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

20. All documents which show whether you keep names and addresses of any of your customers and, if so, whether your records contain any information about whether they use or have used credit or debit cards to make payments.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to time frame and subject matter; vague and ambiguous as to the

- 11 -

terms "records" and "information." Further objecting, this request is duplicative of Request No. 11 and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to its general and specific objections, Rogers incorporates its Supplemental Response to Request No. 11 as and for its answer to Request No. 20.

21. All documents which list the largest issuers of (a) credit cards and (b) debit cards presented to you in connection with transactions.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to time frame and subject matter; vague and ambiguous as to the terms "issuers" and "presented." Further objecting, the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to counsels' Rule 37 conference on May 23, 2008, Plaintiff has agreed to limit this request to the identity of the credit and debit cards that Rogers accepts at its retail store at 222 Yorktown Center in Lombard, Illinois. Pursuant to this limitation, Rogers repeats its Supplemental Response to Interrogatory No. 11, which identifies certain third-party issuers of credit/debit cards that Rogers accepts at its location at 222 Yorktown Center in Lombard, Illinois. With regard to any transaction arising out of these third-party issuers' credit/debit cards after December 4, 2006 through January 27, 2008, Rogers displayed the expiration date and less than five digits of the person's credit/debit card number. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents relating to these

- 12 -

third-party issuers of credit/debit cards are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Further answering, Rogers also accepts its own in-house credit cards at 222 Yorktown Center in Lombard, Illinois, which go by the names: "Rogers & Hollands" and "Ashcroft & Oak." With regard to documents that relate to whether Rogers and Hollands accepts its own in-house credit cards, such a request is not reasonably calculated to lead to the discovery of admissible evidence, is duplicative, overbroad, and unduly burdensome.

27. All contracts and agreements with companies through which you process credit or debit card transactions.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "process." Further objecting, the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the processing of third-party credit/debit cards. As previously stated, Rogers' third-party credit/debit card receipts displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents relating to the processing of third-party credit/debit cards are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections to Request No. 27, Rogers states that it will produce all responsive, non-privileged contracts and agreements in its possession relating to the processing of its in-house credit cards.

28. All correspondence with companies through which you process credit or debit card transactions.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "process." Further objecting, the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the processing of third-party credit/debit cards. As previously stated, Rogers' third-party credit/debit card receipts displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents relating to the processing of third-party credit/debit cards are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections to Request No. 28, Rogers states that it will produce all responsive, non-privileged correspondence in its possession relating to the processing of its in-house credit cards.

29. All advertisements and literature from companies offering services relating to the processing of credit or debit card transactions.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to subject matter; vague and ambiguous as to the term "process." Further objecting, the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to the processing of third-party credit/debit cards. As previously stated, Rogers' third-party credit/debit card receipts displayed the expiration date and less than five digits of the person's credit/debit card number after December 4, 2006 through January 27, 2008. Thus, the only potential violation of FACTA by Rogers' with regard to third-party credit/debit card transactions was the appearance of expiration dates on receipts. Due to the passage of H.R. 4008, which prohibits the establishment of a willful violation of FACTA based on the display of an expiration date, documents relating to the processing of third-party credit/debit cards are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections to Request No. 29, Rogers states that it will produce all responsive, non-privileged advertisement and literature in its possession relating to the processing of its in-house credit cards.

40. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**SUPPLEMENTAL RESPONSE:** Objections: Overbroad and unduly burdensome as to time frame and subject matter, and the information sought is not

484978.3 054558-41344

relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Rogers will produce all non-privileged responsive documents pursuant to counsels' Rule 37 conference on May 23, 2008.

44. All computer information and documents identifying or relating to persons to whom Rogers provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

**SUPPLEMENTAL RESPONSE**: Objections: Vague and ambiguous as to the terms "computer information," "point of sale" and as to the location defined as "Illinois." To the extent that the request is directed at sites beyond 222 Yorktown Center, Lombard, IL, 60148, the retail store that is the subject of this action, the request is overbroad, and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Further, Rogers objects to this interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the display of an expiration date on a receipt, which is no longer a basis to establish a willful violation of FACTA in light of the passage of H. R. 4008. Finally, the names and addresses of customers who received credit or debit card receipts after December 4, 2006, is overbroad, duplicative of Request No. 11, and not relevant or reasonably calculated to lead to the discovery of admissible evidence given that no class has been certified.

Subject to and without waiving its general and specific objections to Request No. 44, Rogers incorporates its Supplemental Response to Request No. 11 as and for its answer to Request No. 44.

Dated: June 3, 2008

Respectfully submitted,

ROGERS ENTERPRISES, INC., d/b/a
ROGERS & HOLLANDS JEWELERS

By: _____
One of its Attorneys

Patrick T. Stanton (#6216899)
Heather L. Kramer (#6272559)
Jennifer M. Zlotow (#6280106)
Schwartz Cooper Chartered
180 North La Salle, Suite 2700
Chicago, IL 60601
(312) 346-1300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class,<br><br>        Plaintiff,<br><br>v.<br><br>ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS and DOES 1-10,<br><br>        Defendants. | Case No. 08 C 49<br><br>Judge Kendall<br>Magistrate Judge Mason |

### CERTIFICATE OF SERVICE

    I, Heather L. Kramer, one of the attorneys for Rogers Enterprises, Inc. d/b/a Rogers & Hollands Jewelers, hereby certify that **Defendant's Supplemental Response To Plaintiff's Interrogatories And Requests For Production Of Documents** was served upon the following by e-mail and facsimile on June 3, 2008:

> Daniel Edelman (dedelman@edcombs.com)
> Cathleen M. Combs (ccombs@edcombs.com)
> James O. Latturner (jlatturner@edcombs.com)
> Cassandra P. Miller (cmiller@edcombs.com)
> Edelman, Combs, Latturner & Goodwin, LLC
> 120 South LaSalle Street, 18th Floor
> Chicago, IL 60603
> 312-419-0379 (fax)

Dated: June 3, 2008

                                      Respectfully submitted,

                                      ROGERS ENTERPRISES, INC., d/b/a
                                      ROGERS & HOLLANDS JEWELERS

                                      By: /s/ Heather L. Kramer
                                               One of its Attorneys

475640.1 054558-41344

Patrick T. Stanton (#6216899)
Heather L. Kramer (#6272559)
Jennifer Zlotow (#6280106)
Schwartz Cooper Chartered
180 North La Salle, Suite 2700
Chicago, IL  60601
(312) 346-1300

475640.1 054558-41344