# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class, <br><br> Plaintiff, <br><br> v. <br><br> ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS, and DOES 1-10, <br><br> Defendants. | Case No. 08 C 49 <br> Judge Virginia M. Kendall <br> Magistrate Judge Michael T. Mason |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff hereby responds as follows to the discovery requests propounded by Defendant Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers, consisting of Interrogatories and Requests for Production of Documents, herein:

### GENERAL OBJECTIONS

1. Plaintiff objects to the definitions, instructions, interrogatories and requests for production to the extent that they seek information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, rule or doctrine. No such privileged information will be provided in these responses. Inadvertent production of such information is not intended as, nor shall it be deemed a waiver of such privilege or protection of Plaintiff's right to object to the use of such information during this or any other litigation.

2. Plaintiff objects to the definitions, instructions, interrogatories and requests for documents, to the extent that they are unduly burdensome and oppressive and to the extent that they attempt to impose obligations on the plaintiff greater than those imposed by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the definitions, instructions, interrogatories and

1

requests for production of documents to the extent that they seek irrelevant information not reasonably calculated to lead to the discovery of admissible information.

4. Plaintiff objects to the definitions, instructions, interrogatories and requests for production of documents to the extent that they seek information that is not within the possession, custody, or control of Plaintiff.

5. Plaintiff objects to the definitions, instructions, interrogatories and document requests to the extent that they seek information at a premature juncture. Plaintiff has not completed discovery or preparation for trial, and Plaintiff's responses are therefore made only on the basis of such information as is currently known and reasonably available. Plaintiff's responses do not purport to constitute a final statement of all of Plaintiff's knowledge regarding any particular subject and are made without prejudice to Plaintiff's right to introduce additional evidence at the time of trial, or to supplement the responses, as appropriate, once he has completed discovery and trial preparation.

6. Plaintiff objects to the definitions, instructions, interrogatories and document requests and to the extent that they seek materials prepared in anticipation of litigation and/or trial.

7. Plaintiff objects to the definitions, instructions, interrogatories and document requests to the extent that the information sought therein can be obtained from other sources that are more convenient, less burdensome and/or less expensive.

8. Plaintiff objects to the definitions, instructions, interrogatories and document requests to the extent that they are vague.

9. Plaintiff objects to the extent that Defendant is attempting to force Plaintiff to disclose his case strategy or force him to set forth all bases for recovery prior to completion of discovery. "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end...." *Ziemack v. Centel Co.*, 1995 U.S. Dist. LEXIS 18192 (N.D. Ill., Dec. 6, 1995). Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period. *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 335 (N.D. Cal. 1985).

All of the above general objections are hereby incorporated into each of the responses set forth below as though fully set forth in each response.

## INTERROGATORIES

1. Identify each person who has knowledge or information of the allegations of the

2

3. Describe each communication between you and any other person except counsel, including Rogers, relating to credit or debit cards, credit or debit card receipts, FACTA or FCRA, Rogers' conduct or knowledge as alleged in the Complaint, the allegations of the Complaint, and the purchase of merchandise at the Rogers store located at 222 Yorktown Center, Lombard, IL, 60148. For each communication, identify the date of the communication, the individual participants in the communication, the nature of the communication, the manner of the communication, and any statement(s) made and any documents provided by you and each participant.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and notwithstanding said objection, Plaintiff states that he has not discussed the allegations in the complaint or the subject matter of this litigation with anyone other than his attorneys.

4. State the nature and extent of any relationship (familial, personal, business, representative or otherwise) between you and any attorney (including that attorney's law firm) who has filed an appearance in this lawsuit.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and notwithstanding said objection, Plaintiff states that other than as attorneys, he has no relationship of any sort to the attorneys who have filed an appearance in this lawsuit.

5. State whether, at any time after you received the receipt(s) described in Paragraph 18 of the Complaint, you notified, or reported to, any person or entity that the receipt contained eight digits of your credit card number or the expiration date, or was otherwise improperly truncated or printed. If your answer is in the affirmative, identify all persons or entities with whom you communicated and set forth in detail the nature and substance of the communications.

**ANSWER:** Plaintiff further objects to this interrogatory on the grounds that it is overly broad

4

and unduly burdensome. Plaintiff objects to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. Subject to and notwithstanding said objections, Plaintiff states that other than his attorneys, he discussed the fact that he received the receipt with his stepfather, Steven Troy.

6. For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that this interrogatory calls for a narrative answer, which is better suited for deposition. Subject to and notwithstanding said objections, in 2001 Plaintiff graduated from Hinsdale South High School in Darien, IL. Plaintiff also attended Elmhurst College and graduated in 2006 with a degree in Business Administration.

7. Identify your employment since January 1, 2000, including,
   (a) the name and address of any and all of your employer(s);
   (b) for each job, the nature of your work and duties; and
   (c) for each job, the date and reason you left the employment;

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Plaintiff further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that this interrogatory calls for a narrative answer, which is better suited for deposition. Subject to and notwithstanding said objections,

Subject to and notwithstanding said objection, Plaintiff states that there are no documents responsive to this request.

43. All credit card receipts Plaintiff has received since December 2006.

**ANSWER:** Plaintiff objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Plaintiff further objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and notwithstanding said objection, all relevant reccipts are herein produced.

Respectfully submitted,

/s/ Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, certify that on June 6, 2008, the foregoing document was served by fax and U.S. Mail on the parties listed below. Documents referred to in the preceding document were served on the following parties via U.S. Mail only.

Patrick T. Stanton
Heather Kramer
Jennifer Zlotow
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
(312) 346-1300
(312) 782-8416 (FAX)

Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

I, Christopher Woods, hereby state that I have read the preceding Plaintiff's Response to Defendant's First Set of Discovery Requests, and that the facts contained therein are true and correct to the best of my personal knowledge and belief. As to legal contentions and analysis, I have no personal knowledge, but rely upon counsel.

*[signature]*
Christopher Woods