# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER WOODS,
individually and on behalf of a class,

       Plaintiff,

    v.

ROGERS ENTERPRISES, INC., d/b/a
ROGERS & HOLLANDS JEWELERS, and
DOES 1-10,

       Defendants.

08 C 49
Judge Kendall
Magistrate Judge Mason

## DECLARATION OF TINA RODRIGUE

1.     I am over 18 years of age, am a resident of Steger in Cook County, Illinois, have personal knowledge of the matters set forth herein, and, if called to testify, can testify as to such matters.

2.     I am the Director of Credit of Rogers Enterprises, Inc., which does business as Rogers & Hollands Jewelers and Ashcroft & Oak ("Rogers & Hollands"). I have held this position for over eight years.

3.     As Director of Credit, my job responsibilities include overseeing and managing Rogers & Hollands' Credit Department. The Credit Department handles all issues with regard to Rogers & Hollands' in-house credit cards, such as approving credit card applications, determining the amount of a person's credit limit, ensuring that a cardholders payments are properly posted to his/her account, collecting all amounts owed, and handling all customer service issues.

4.      My position of Director of Credit requires that I am familiar with the practices, procedures, and policies relating to the Rogers & Hollands in-house credit card.

5.      In addition, I am familiar with and the custodian of records relating to the Rogers & Hollands' in-house credit card applications, credit card statements, receipts, and credit card agreements.

6.      Based on a review of Rogers & Hollands' records, I know that Christopher Woods, the plaintiff in the above-captioned matter, is a Rogers & Hollands' cardholder.

7.      To become a Rogers & Hollands' cardholder, Mr. Woods completed an application for credit. Attached hereto as **Exhibit A** is true and accurate copy of Christopher Woods' credit card application ("Credit Application"). His Credit Application was made in the regular course of business from information known to or transmitted by Mr. Woods at or about the time his Credit Application was completed. The Credit Application has been kept in the regular course of business. The bottom of the Credit Application contains the following identification code "5232 (08/07) 48-4 F.D." and "(R10A) 08/07."

8.      After completing a credit card application and being approved by the Credit Department, it was and still is the policy and practice of Rogers & Hollands to provide a new cardholder with a credit agreement that matches the identification codes of the credit application he/she completed.

9.      Accordingly, attached hereto as **Exhibit B** is a true and accurate copy of the Rogers & Hollands' Revolving Credit Account Agreement ("Credit Agreement") that Mr. Woods received after applying for a Rogers & Hollands' in-house credit card. This Credit

Agreement was made in the ordinary course of business by a person with knowledge and maintained in the ordinary course of business. Again, I know that this is the Credit Agreement that Mr. Woods received, because the numbers and letters at the bottom of the first page of the Agreement – "5232 (08/07)48-4 F.D." and "(R10A) 08/07" – match the identification code at the bottom of his Credit Application.

10.    The Rogers & Hollands in-house credit card is not affiliated with Visa, Discover, American Express, or Mastercard.

11.    The Rogers & Hollands' in-house credit card can only be used to make purchases at Rogers Enterprises, Inc. stores, which includes Rogers & Hollands or Ashcroft & Oak jewelry stores. A cardholder cannot use the Rogers & Hollands' in-house card at any other locations or for any other purpose.

12.    With regard to the available credit limit on a Rogers & Hollands' in-house credit card, a cardholder cannot spend more than the available credit remaining on the card.

13.    One of the customer service issues that the Credit Department addresses is claims of fraud reported by Rogers & Hollands cardholders. The Credit Department handles all complaints related to fraud.

14.    Rogers & Hollands has a standard procedure relating to fraud claims. Once the cardholder notifies Rogers & Hollands of the fraudulent use of his/her card, the cardholder must complete and return an affidavit verifying the fraudulent use of his/her card. So long as this affidavit is completed and returned, Rogers & Hollands will not hold the cardholder liable for any fraudulent charges to his/her account, including interest, finance charges, or late payments

related to the fraudulent purchase. Instead, Rogers & Hollands is liable for those fraudulent charges.

15.    The policy of Rogers & Hollands is to never hold a cardholder liable for any amounts associated with the fraudulent use of his/her card. The Credit Department will not collect any amounts related to a fraudulent purchase from the cardholder.

16.    I am aware that the Credit Agreement states that a cardholder "may be liable for the unauthorized use of your credit card before you notify us in writing at Rogers & Hollands, P.O. Box 879, Matteson, IL 60443 or telephone us at 1-800-326-4116 of the loss, theft or unauthorized use. In any case your liability will not exceed $50." Despite this language in the Credit Agreement, Rogers & Hollands has never assessed any such $50 liability, and, as stated above, it is Rogers & Hollands' policy not to assess any such liability to the cardholder for a fraudulent charge, including this $50 amount.

17.    No Rogers & Hollands cardholder, including Mr. Woods, has contacted the Credit Department claiming that he/she was a victim of fraud or identity theft as a result of receiving a receipt from Rogers & Hollands that showed more than the last five digits of his/her Rogers & Hollands in-house credit card.

18.    I understand that identity theft is the use of someone's personal information without permission to commit fraud or other crimes, such as applying for credit cards or gaining access to another's finances. As Rogers & Hollands Director of Credit, I am not aware of a way in which a person could commit identity theft through the use of just a Rogers & Hollands in-house credit card number.

19.     Prior to the filing of this lawsuit, I was not aware of the Fair and Accurate Credit Transaction Act ("FACTA") or that FACTA required the truncation of credit card numbers on a printed receipt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

Tina Rodrigue

Declaration:  Federal Court 28 U.S.C. § 1746

CHICAGO\2507242.4
ID\HLK

5

# EXHIBIT A

# REMOVED PURSUANT TO PROTECTIVE ORDER

# EXHIBIT B

YOUR COPY

## This Is Your Copy, Please Retain It For Your Records

### Rogers & Hollands
### REVOLVING CREDIT ACCOUNT AGREEMENT

IMPORTANT INFORMATION

| | |
|---|---|
| ANNUAL PERCENTAGE RATE (APR) | **22.98%** in IL, MI, MO, OH, and WI; **21.00%** in IN; **18.00%** in MN |
| Grace period for repayment of balances | 25 days |
| Method for computing the balance | Average daily balance (excluding new purchases) |
| Annual Fees | None |
| Minimum finance charge | $0.50 (except that there will be no minimum finance charge in Wisconsin) |
| Late-payment fee | IL $10.00 assessed 10 days after due date    MO $5.00 assessed 10 days after due date<br>IN $5.00 assessed 10 days after due date    OH $29.00 assessed 10 days after due date<br>MI $29.00 assessed 10 days after due date    WI $29.00 assessed as of due date<br>MN $5.00 assessed 10 days after due date |
| Returned check fee | $25.00 in IL, MI, and WI, $20.00 in IN, MN, and OH, $15.00 in MO |

**TERMS USED IN THIS AGREEMENT:** In this Revolving Credit Account Agreement (the "Agreement"), the words "we", "us" and "our" mean the Seller identified at the end of this Agreement and any person to whom this Agreement or the indebtedness under this Agreement may be assigned, the words "you" and "your" mean each Applicant, including Joint Applicant, who is approved by us for this Revolving Credit Account (the "Account"). This Account and all purchases made on it are not binding on us until your credit is approved. Your credit will be considered approved when we give notice of approval to you and, if applicable, upon your signing a Sales Invoice for purchases for which we have extended credit.

**PROMISE TO PAY:** In consideration of our granting credit on this Account, you promise to pay us the purchase price of purchases charged to this Account by you or anyone authorized by you from time to time and any Finance Charge (as defined above) and other amounts due under the terms of this Agreement. When there is a balance due on your monthly billing statement (the "Statement"), you agree to pay, in time for receipt by us within twenty-five (25) days after the billing date (the "Due Date" shown on the Statement), either (a) the total balance due or (b) at least the Minimum Monthly Payment shown on the Statement.

**FINANCE CHARGE:** When there is a balance subject to Finance Charge on your Account, you will be assessed a FINANCE CHARGE on this balance at the periodic rate shown in the following schedule:

A minimum FINANCE CHARGE of $.50 will be assessed for any billing period in which a Finance Charge resulting from application of the above periodic rate is less than $.50 except that there will be no minimum FINANCE CHARGE in Wisconsin.

**BALANCE SUBJECT TO FINANCE CHARGE:** The balance subject to FINANCE CHARGE in any given billing period is the average daily balance which is arrived at by adding the daily balances in the Account during the billing period. The daily balances are determined by taking the beginning balance each day during the billing period and subtracting any payments and credits entered on that day. New purchases do not begin to accrue a FINANCE CHARGE until the first day of the first billing period following the purchase date, and no FINANCE CHARGE will be assessed on such purchases if they are paid within twenty-five (25) days of the first billing date following the date of purchase. Late Payment Fees are not included in the balance subject to FINANCE CHARGE.

**MINIMUM MONTHLY PAYMENT:** You agree to pay a Minimum Monthly Payment each time we send you a Statement plus any past due amount(s). The Minimum Monthly Payment will be 3% (rounded to the next highest dollar) of the outstanding "New Balance" on the statement, or $30.00 whichever amount is greater. You may at any time pay your "New Balance", but you must pay at least the Minimum Monthly Payment. Payment

on your Account must be made by cash, check or money order in U.S. currency. Any cash, check or money order in a denomination of foreign (not U.S.) currency will not be credited until converted into U.S. funds, and you agree to pay any amount remaining due and owing after conversion to U.S. funds.

**ANNUAL FEE:** No Annual Fee will be charged in relation to your Account.

**SECURITY INTEREST:** We retain a purchase money security interest in all merchandise purchased on your Account until the account is paid in full. If you do not make your Minimum Monthly Payment on time, we may repossess only the merchandise which has not been paid in full to the extent permitted by law. We will apply and allocate payments and credits among features and to Charges and transactions on your Account in any order and manner determined by us in our sole discretion for servicing, administrative, systems or other business reasons. You agree that we have the unconditional right to exercise this discretion.

**CHANGES IN THIS AGREEMENT:** We may change any term of this Agreement, including the rate of FINANCE CHARGE, by furnishing you notice of the change to the extent required by law. If permitted by applicable law, any new terms may at our option by applied to any balance existing in the Account at the time of change, as well as to any subsequent transactions.

**FAILURE TO MAKE MINIMUM PAYMENT:** If you do not make at least the Minimum Monthly Payment when due, we may, subject to any notice of default and right to cure default required by state law, require you to immediately pay the full remaining balance (except in Wisconsin, where you will not be in default until you fail to make a Minimum Monthly Payment on two (2) occasions within a 12-month period). You agree to pay court costs and reasonable attorneys' fees to the extent permitted by your state law if your Account is sent for collection to an attorney who is not our salaried employee (except no attorneys' fees will be imposed in Wisconsin).

**LATE PAYMENT FEE:** You agree to pay a Late Payment Fee on each installment not paid in full as set forth on the above chart. The amount of the Late Payment Fee is subject to change.

**RETURNED CHECK FEE:** You agree to pay a Returned Check Fee if any check or instrument for payment on your Account is returned to us unpaid. The amount of the Returned Check Fee is set forth in the chart above.

**CANCELLING OR LIMITING YOUR CREDIT:** We have the right at any time to limit or terminate the use of your Account, or to terminate this Agreement as it relates to future purchases, without giving you notice in advance. In addition, you agree that we may change your credit limit from time to time, based on changes in your credit capacity. You may terminate this Agreement at any time upon advance written notice to us but, if you do, you agree that you will remain obligated to pay the total balance due under the terms of your Agreement.

To find out about changes to this agreement, write us at Rogers & Hollands, P.O. Box 879, Matteson, IL 60443

5232 (08/07) 48-4 F.D.                                                                                           (R10A) 08/07

R&H001197 (legible copy)

**CREDIT CARD:** You request a Credit Card from us if it is our practice to provide one. All Credit Cards issued to you remain our property and, if requested, you agree to return to us any Credit Card issued for your Account. You further agree to immediately notify us, orally or in writing, of the loss, theft or unauthorized use of your Credit Card. If notice is given orally, you will confirm it in writing. You may be liable for the unauthorized use of your Credit Card before you notify us in writing at Rogers & Hollands, P.O. Box 879, Matteson, IL 60443, or telephone us at 1-800-326-4116 of the loss, theft or unauthorized use. In any case your liability will not exceed $50.

**CREDIT INVESTIGATION:** You authorize us to investigate your credit history by obtaining consumer reports and by making direct inquiries of businesses where you have accounts and where you work. We may request a consumer report from consumer reporting agencies in considering your application for this Account and later in connection with an update, renewal, or extension of credit or reviewing or collecting the Account. Upon your request we will tell you whether or not a consumer report was requested and the name and address of any consumer reporting agency that furnished the report. You also authorize us to report your performance under this Agreement to credit bureaus and others who may properly receive such information. A negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**SPECIAL PAYMENT PLANS:** From time to time we may offer special promotional programs with respect to certain purchases on your account. These programs may be discontinued at any time.

**GOVERNING LAW/NOTICE OF CHANGE OF ADDRESS:** This agreement is governed by federal law and the law of the state in which the Account was opened. You agree to notify us promptly in writing if you move. Until we receive written notice of your new address, we will continue to send monthly Statements and other notices to the address you gave on the application for this Account.

**ASSIGNMENT:** We may assign your Account and our rights under this Agreement at any time to any third party without further notice to you. If this Agreement is assigned, all of our rights under this Agreement will continue to apply to any assignee or holder of this Agreement.

**TELEPHONE MONITORING:** We treat every customer call confidentially. To ensure you receive accurate and courteous customer service, on occasion your call may be monitored by a second employee.

**ENTIRE AGREEMENT:** This is the entire Agreement between you and us and no oral changes can be made.

**NOTICE TO MICHIGAN RESIDENTS: THE SELLER RETAINS A SECURITY INTEREST IN THE SUBJECT MATTER OF THIS AGREEMENT.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS AND SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**NOTICE TO BUYER/CONSUMER: (a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (b) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS AGREEMENT AT THE TIME YOU SIGN, KEEP IT TO PROTECT YOUR LEGAL RIGHTS; AND (c) YOU MAY PAY THE FULL BALANCE ON YOUR ACCOUNT AT ANY TIME AND UNDER CERTAIN CIRCUMSTANCES TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE.**

SELLER:    Rogers Enterprises, Inc.,
          d/b/a Rogers & Hollands Jewelers
          P.O. Box 879
          Matteson, IL 60443

**NOTICE:** See following notice for important information regarding your right to dispute billing errors.

### YOUR BILLING RIGHTS
### KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

#### Notify Us In Case Of Errors Or Questions About Your Bill

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us on a separate sheet at the address shown on your statement. Write to us as soon as possible. We must hear from you no later than sixty (60) days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is any error. If you need more information, describe the item you are not sure about.

**Research Fee:** A charge of $25.00 per hour will be assessed if you request a detailed analysis of your account. This charge will not be assessed against residents of Missouri.

#### Your Rights And Our Responsibilities
#### After We Receive Your Written Notice

We must acknowledge your letter within thirty (30) days, unless we have corrected the error by then. Within ninety (90) days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten (10) days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we do not follow these rules, we can not collect the first $50 of the questioned amount, even if your bill was correct.

#### Special Rule For Credit Card Purchases

If you have a problem with the quality of property or services that you purchase with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services.

R&H001198 (legible copy)