# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER WOODS, individually and on
behalf of a class,

            Plaintiff,

    v.

ROGERS ENTERPRISES, INC., d/b/a
ROGERS & HOLLANDS JEWELERS and
DOES 1-10,

            Defendants.

Case No.  08 C 49

Judge Kendall
Magistrate Judge Mason

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Rogers Enterprises, Inc., d/b/a Rogers & Hollands Jewelers ("Rogers") supplements its responses to Plaintiff, Christopher Woods ("Plaintiff"), Interrogatories and Requests for Production of Documents as follows in light of a Rule 37 conference held by the parties on May 23, 2008 and the passage of H. R. 4008 by the Congress of the United States on May 20, 2008, and the President of the United States on June 3, 2008.  For purposes of space, Defendants only repeat those requests and interrogatories to which it has a supplemental response.

### GENERAL OBJECTIONS AND RESERVATIONS

1.     Rogers reserves its right to supplement or amend any of these responses to Plaintiff's Interrogatories and Requests for Production whenever new or additional information becomes known to it as permitted by Federal Rule of Civil Procedure 26.

2.     All responses and any production of documents made in response to these Interrogatories and Requests for Production are made without waiving and with the intent to preserve: (a) the right to object on the grounds of competency, privilege, relevancy, materiality

or admissibility as evidence for any purpose, to the use of the documents in any subsequent proceeding, or in the trial of this or any other action; (b) the right to object on any and all proper grounds, at any time, to other interrogatories or document requests, or other discovery proceedings involving or relating to the subject matter of these Interrogatories and Requests for Production; and (c) the right to supplement these responses.

3.   Rogers objects to the Interrogatories and Requests for Production to the extent they call for the disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, law or rule. The inadvertent production or disclosure of any privileged or work product document shall not be deemed a waiver of any claim of privilege or work product as to such document.

4.   Rogers objects to all definitions, instructions, and document requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

5.   These General Objections and Reservations are re-asserted and made a part of each response below.

## I. SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** State the name, address, title and job description of each officer, director, employee, consultant or independent contractor (present or former) of defendant who:

d.   Was responsible for defendant's relationship with any company which processes credit or debit card transactions for defendant.

## SUPPLEMENTAL ANSWER:

(d)   Objections: Overbroad as to time frame and subject matter; vague, ambiguous and overbroad as to the terms "responsible," "relationship," and "processes." Subject to and without waiving its general and specific objections to Interrogatory 1(d), Rogers identifies:

484978.3 054558-41344

Subject to and without waiving its general and specific objections to Interrogatory No. 4, Rogers states that if the customer provided his/her name and address at the time of sale, Rogers through its computer system can establish the names and addresses of the customers who transacted business at 222 Yorktown Center with Rogers by using a credit or debit card after December 4, 2006, and would have been provided an electronically printed receipt displaying more than the last five digits of the person's credit card number.

**Interrogatory No. 6**: State the number and name and address of the persons to whom Rogers provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

**SUPPLEMENTAL ANSWER**: Objections: Vague and ambiguous as to the term "point of sale" and as to the location defined as "Illinois." To the extent that the interrogatory is directed at sites beyond 222 Yorktown Center, Lombard, IL, 60148, the retail store that is the subject of this action, the interrogatory is overbroad, and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Rogers objects to this interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the display of an expiration date on a receipt, which is no longer a basis to establish a willful violation of FACTA in light of the passage of H. R. 4008. Finally, the names and addresses of customers who received credit or debit card receipts from December 4, 2006, to present is overbroad and not relevant or reasonably calculated to lead to the discovery of admissible evidence given that no class has been certified.

- 4 -

Subject to and without waiving its general and specific objections to Interrogatory No. 6, Rogers states that there were approximately 777 persons who would have received at the point of sale at the 222 Yorktown Center retail site after December 4, 2006, an electronic receipt containing more than the last five digits of the person's credit/debit card number.  **(See Exhibit A (R&H 00001 to R&H 00020))**  Further answering, Rogers states that after December 4, 2006, through January 27, 2008, at the Yorktown Center retail site, receipts for third-party credit/debit card transactions (*i.e.*, Visa, MasterCard, American Express, Discover) displayed both the last four digits of the person's credit/debit card number and the expiration date; whereas receipts for Rogers' in-house credit cards displayed more than the last five digits of the person's credit card number, but did not display an expiration date on the receipt.  After January 27, 2008, no receipts showed either (a) more than the last five digits of the person's card number; (b) expiration date; or (c) both.

**Interrogatory No. 11**:  State the 10 largest issuers of (a) credit cards and (b) debit cards presented to you in connection with transactions.

**SUPPLEMENTAL ANSWER**: Objections:  Overbroad and unduly burdensome as to time frame; vague and ambiguous as to the terms "issuers" and "presented." Further objecting, this interrogatory is overbroad as to subject matter and the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to counsels' Rule 37 conference on May 23, 2008, Plaintiff has agreed to limit this interrogatory to the identities of the credit and debit card issuers that Rogers accepts at its retail store at 222 Yorktown Center in Lombard,

484978.3 054558-41344

Subject to and without waiving its general and specific objections to Request No. 44, Rogers incorporates its Supplemental Response to Request No. 11 as and for its answer to Request No. 44.

Dated: June 3, 2008

Respectfully submitted,

ROGERS ENTERPRISES, INC., d/b/a
ROGERS & HOLLANDS JEWELERS

By: _____
One of its Attorneys

Patrick T. Stanton (#6216899)
Heather L. Kramer(#6272559)
Jennifer M. Zlotow (#6280106)
Schwartz Cooper Chartered
180 North La Salle, Suite 2700
Chicago, IL 60601
(312) 346-1300

484978.3 054558-41344