# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WOODS, individually and on behalf of a class, <br><br> Plaintiff, <br><br> v. <br><br> ROGERS ENTERPRISES, INC., d/b/a ROGERS & HOLLANDS JEWELERS, and DOES 1-10, <br><br> Defendants. | Case No. 08 C 49 <br> Judge Virginia M. Kendall <br> Magistrate Judge Michael T. Mason |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff, Christopher Woods ("Woods") suppplements his responses to Defendant Rogers Enterprises, Inc., d/b/a Rogers & Hollands, Jewelers ("Rogers"). For purposes of space, Plaintiff only repeats those requests and interrogatories to which a supplemental response is necessary.

### INTERROGATORIES

1. Identify each person who has knowledge or information of the allegations of the Complaint, and for each state the subject matter and nature of his/her knowledge or information.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory seeks information at a premature juncture. Plaintiff has not completed discovery or preparation for trial, and Plaintiff's responses are therefore made only on the basis of such information as is currently known and reasonably available. Plaintiff's responses do not purport to constitute a final statement of all of Plaintiff's knowledge regarding any particular subject and are made without

1

prejudice to Plaintiff's right to introduce additional evidence at the time of trial or to supplement the responses, as appropriate, once he has completed discovery and trial preparation.

Subject to and notwithstanding said objection, at this time, other than Plaintiff, employees of Defendant, and employees of Visa, no other individuals have been identified.

18. Identify each witness whom you will or may call upon to testify in connection with the captioned lawsuit, and state the subjects on which the witness will or may testify.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory seeks information at a premature juncture. Plaintiff has not completed discovery or preparation for trial, and Plaintiff's responses are therefore made only on the basis of such information as is currently known and reasonably available. Plaintiff's responses do not purport to constitute a final statement of all of Plaintiff's knowledge regarding any particular subject and are made without prejudice to Plaintiff's right to introduce additional evidence at the time of trial or to supplement the responses, as appropriate, once he has completed discovery and trial preparation.

Subject to and notwithstanding said objection, Plaintiff intends to call as a witness himself, employees of Defendant, and employees of Visa. Plaintiff further refers to his 26(a)(1) disclosures produced on March 11, 2008.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

17. All documents that relate or refer in any way to Plaintiff's participation in any lawsuits, including any documents from any person in any way soliciting Plaintiff to participate in this action.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other

2

applicable privilege or doctrine. No privileged information will be disclosed in response to this interrogatory. Subject to and notwithstanding said objection, there are no non-privileged documents responsive to this request which are not available as a matter of public record. Plaintiff's Privilege Log is herein produced.

18. All documents that relate or refer to any agreements between Plaintiff and his counsel of record in this action with respect to the representation of Plaintiff or putative class members in this action.

**ANSWER:** Plaintiff objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Courts have routinely held that calculation of attorney's fees is outside the scope of discovery and not calculated to lead to admissible evidence. A fee award must be based on lodestart (marketplace) rates. This is a fee shifting case; fees and costs will be sought by petition or agreement under usual fee shifting standards. Under these standards, the party's agreement with her lawyers may not be considered as a floor, standard or ceiling. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989); *Venegas v. Mitchell*, 110 S.Ct. 1679 (1990); *City of Burlington v. Dague*, 112 S. Ct. 2638 (1992); *Amherst Leasing Corp. v. Jamesway Corp.*, 85 F.R.D. 85, 86 (E.D. Pa. 1979) (fee agreement not discoverable); *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974).

Plaintiff further objects on the grounds that this request calls for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and notwithstanding said objections, Plaintiff herein produces a redacted copy of the Authorization and Retainer Agreement between Plaintiff and his counsel of

3

record. The remaining portions of the agreement are privileged and will not be disclosed in response to this request.

Respectfully submitted,

Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

4

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, certify that on July 8, 2008, the foregoing document was served by fax and U.S. Mail on the parties listed below.

Patrick T. Stanton
Heather Kramer
Jennifer Zlotow
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
(312) 346-1300
(312) 782-8416 (FAX)

Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**PLAINTIFF'S PRIVILEGE LOG**
**Documents Withheld From Production**

Woods v. Rogers Enterprises, Inc. d/b/a Rogers & Hollands Jewelers, et al., Case No. 08 C 49

| DATE | AUTHOR(S) | RECIPIENT | DOCUMENT DESCRIPTION | PRIVILEGE ASSERTED |
|---|---|---|---|---|
| 12/28/2007 | Edelman, Combs, Latturner & Goodwin, LLC | Plaintiff | Letter regarding potential case | Attorney-client privilege, work product |
| 12/18/2007 | Edelman, Combs, Latturner & Goodwin, LLC | Plaintiff | Letter regarding potential case | Attorney-client privilege, work product |
| 12/12/2007 | Steven Plato Troy, Troy & Associates | Edelman Combs Latturner & Goodwin, LLC | Fax regarding potential case, seeking legal advice | Attorney-client privilege, work product |
| 12/7/2007 | Steven Plato Troy, Troy & Associates | Edelman Combs Latturner & Goodwin, LLC | Fax regarding potential case, seeking legal advice | Attorney-client privilege, work product |
| multiple | Attorneys & paralegals at Edelman, Combs, Latturner & Goodwin, LLC | Plaintiff | Emails, letters, faxes, documents of all kinds transmitted to client regarding legal claims and the status of the case | Attorney-client privilege, work product |